UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>THOMAS HULING,<br>         Defendant. | Criminal Case No. 19-37JJM |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the United States and Defendant, Thomas Huling, have reached the following agreement:

    1.    Defendant's Obligations.

        a.  Defendant will plead guilty to Counts 12 and 19 of the Indictment, which charges Defendant with wire fraud, in violation of 18 U.S.C. § 1343, and tax evasion in violation of 26 U.S.C. § 7201.

        Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

        b.  Defendant will promptly submit a completed Department of Justice Financial Statement to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office provides and as it directs. Defendant agrees that his financial statement and disclosures will be complete, accurate, and truthful. Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate Defendant's ability

1

to satisfy any financial obligation that may be imposed by the Court.

    c.   Defendant further agrees:

        (i) to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past six (6) years, or in which Defendant has or had during that time any financial interest. Defendant further agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant further agrees to provide and/or consent to the release of Defendant's tax returns for the previous five years. Defendant further agrees to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1000 that, within the last six (6) years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

        (ii) to forfeit all interests in any fraud related asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant's offense.

        (iii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of

2

the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    (iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or substitute assets for property otherwise subject to forfeiture.

    (v) to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

  d. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and based on Defendant's commission of the illegal acts of wire fraud, as charged in Count Twelve of the Indictment, Defendant agrees to forfeit a sum of money in an amount to be determined by the Court at sentencing representing proceeds traceable to the scheme charged in Count Twelve.

    (i) Defendant agrees that the agreed-upon money judgment

3

forfeiture shall become a part of the judgment of sentence, and the United States shall be entitled pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

        (ii)     Defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

2.     Government's Obligations.     In exchange for Defendant's pleas of guilty:

    a.     The government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines.

    b.     For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

4

   c. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

   d. The government will, at the time of sentencing, move to dismiss Counts 1 through 11, 13 through 18, and 20 through 21 of the indictment.

   e. Defendant understands and acknowledges that he could be charged with violating 18 U.S.C. §§ 401(3) (Criminal Contempt) or 3146 (Failure to Appear) in relation to his repeated failure to appear for jury empanelment. If convicted of either of these offenses, he could face additional penalties including a term of imprisonment to run consecutive to any other sentence of imprisonment. As part of this plea agreement, the government agrees to not charge him with those offenses, or any other charges arising out of the conduct charged in the Indictment.

  3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

  4. The United States and defendant stipulate and agree to the following facts under the guidelines, and/or reserve their to right to contest certain factors:

   a. With regard to Count 12 (wire fraud), the parties stipulate and agree:

    1) <u>Loss</u>: The Government avers that the loss caused by defendant's conduct, including all relevant conduct, is between $3.5 million and $9.5 million, resulting in a base level offense of 25. See U.S.S.G.

§ 2B1.1(b)(1)(J). Defendant reserves the right to contest loss caused by his conduct at the time of sentencing.

2) <u>Sophisticated Means</u>: The Government avers that defendant used sophisticated means in carrying out the offense, resulting in an upward adjustment of two points to the Base Offense Level. <u>See</u> U.S.S.G. § 2B1.1(b)(1)(C). Defendant reserves the right to contest application of this adjustment at the time of sentencing.

3) <u>Victims</u>: The Government avers that the offense involved 10 or more victims, or resulted in substantial financial hardship to one or more victims, resulting in an upward adjustment of two points to the Base Offense Level. <u>See</u> U.S.S.G. § 2B1.1(2)(A). The defendant reserves the right to contest application of this adjustment.

4) <u>Flight/Obstruction</u>: The Government avers that the defendant willfully attempted to obstruct and impede the administration of justice by failing to appear for trial and fleeing the District, resulting in an upward adjustment of two points to the Base Offense Level. <u>See</u> U.S.S.G. § 3C1.1. The defendant reserves the right to contest application of this adjustment.

b. With regard to Count 19 (tax evasion), the parties stipulate and agree:

1) <u>Tax Loss</u>: The Government avers that the tax loss caused by defendant's conduct is between $1.5 million and $3.5 million, resulting in a Base Offense Level of 22. <u>See</u> U.S.S.G. §§ 2T1.1(a)(1), 2T4.1(I). Defendant reserves the right to contest tax loss caused by his conduct at the time of sentencing.

2) <u>Sophisticated Means</u>: The Government avers that defendant used sophisticated means in carrying out the offense, resulting in an upward adjustment of two points to the Base Offense Level. <u>See</u> U.S.S.G. § 2T1.1(b)(2). Defendant reserves the right to contest application of this adjustment at the time of sentencing.

3) <u>Illegal Income</u>: The Government avers that defendant failed to report the source of income exceeding $10,000 in any year from criminal activity, resulting in an upward adjustment of two points to the Base Offense Level. <u>See</u> U.S.S.G. § 2T1.1(b)(1). Defendant

      reserves the right to contest application of this adjustment at the time of sentencing.

    4) <u>Flight/Obstruction</u>:    The Government avers that the defendant willfully attempted to obstruct and impede the administration of justice by failing to appear for trial and fleeing the District, resulting in an upward adjustment of two points to the Base Offense Level. <u>See</u> U.S.S.G. § 3C1.1.    The defendant reserves the right to contest application of this adjustment.

5.     Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6.     The defendant, pursuant to 18 U.S.C. §§ 3663, 3663A, will consent to entry of an order directing the defendant's payment of restitution to:

    a.   Any individuals determined, at the time of sentencing, to be victims of any of defendant's criminal conduct as charged in the Indictment, in amounts to be further determined at sentencing, whether or not the losses suffered by those victims resulted from the offenses of conviction; and

    b.   The United States Department of Treasury, in amounts based on defendant's additional taxes due and owing for the tax years 2007 through 2018, amounts to be determined at sentencing.

7.     The maximum statutory penalties for the offenses to which Defendant is pleading are:

    (i)    <u>Count Twelve</u>:  Twenty (20) years imprisonment; a fine of $250,000 ; a term of supervised release of three (3) years; and a mandatory special assessment of $100; and

    (ii)    <u>Count Nineteen</u>:  Five (5) years imprisonment; a fine of $250,000; a term of supervised release of three (3) years; and a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are twenty-five (25) years imprisonment; a fine of $500,000; and a term of supervised release of six (6) years.  The mandatory special assessment totals $200.

    8.    Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments.  Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

    9.    Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

   b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

   c. Defendant has the right to a jury trial;

   d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

   g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

*Thomas Huling*             9/26/22
**THOMAS HULING**           Date
Defendant

*[signature]*             9/26/22
**REBECCA L. AITCHISON**        Date
Counsel for Defendant

*[signature]*             9/26/22
**JOHN N. KANE, JR.**           Date
Assistant Chief
U.S. Department of Justice, Tax Division

*[signature]*             09/26/2022
**SANDRA HEBERT**           Date
Assistant U.S. Attorney